CONRAD HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11584.    Promulgated October 4, 1927.

Assessment and collection of an alleged deficiency for the fiscal year ending August 31, 1920, is barred by the statute of limitation.

*Hubert E. Olive, Esq.,* for the petitioner.
*A. S. Lisenby, Esq.,* for the respondent.

On December 5, 1925, the Commissioner mailed petitioner a notice of his determination of deficiencies of $1,317.46 for the fiscal year ending August 31, 1920, and $43.19 for the fiscal year ending August 31, 1921. Petitioner questions the Commissioner's determination only as to the fiscal year ending August 31, 1920. In the original petition filed within 60 days after the mailing of the deficiency notice, petitioner claimed that the Commissioner erred in his adjustment of its inventory for 1920 and in refusing to allow a loss on automobiles sold within the year. Subsequent to the filing of the original petition, the petitioner filed an amended petition in which it claimed that the assessment and collection of any additional tax for the fiscal year ending August 31, 1920, was barred by the statute of limitation of five years. The proceeding was heard upon the question whether the alleged deficiency for the fiscal year 1920 was barred at the date of the mailing of the deficiency notice.

FINDINGS OF FACT.

Petitioner is a North Carolina corporation with principal office and place of business at Lexington, where it is engaged in the sale of hardware and building material at retail. On October 26, 1920, G. W. Miller, vice president and D. F. Conrad, secretary and treasurer of petitioner, signed and swore to an income and profits-tax

return, Form 1120 A, for the fiscal year beginning September 1, 1919, and ending August 31, 1920, before A. H. Michael, a notary public of Davidson County, N. C. This return was entitled "Corporation Income and Profits Tax Return for the fiscal period begun September 1, 1919 and ended August 31, 1920, Conrad Hardware Company, Lexington, North Carolina." The various items and schedules of this return with the exception of items 17 to 25 inclusive, showing the computation of the income tax upon the net income disclosed, were completely filled in. The gross income, deductions, exemptions, net income and invested capital were all stated in detail in the proper schedules. This return showed gross income of $23,188.27, deductions of $17,115.61, and a net income for the fiscal year of $6,072.66. This return also had attached to it certain separate schedules showing assets and liabilities, and an itemized statement of the expenses for the year. Item 31 of Schedule IV of this return showed the following: "Tax paid by remittance accompanying this return, $150.00." This return, accompanied by check #264 on The Bank of Lexington, dated Lexington, North Carolina, October 26, 1920, for $150, payable to the order of the Treasury Department and signed Conrad Hardware Company, Inc., by D. F. Conrad, Secretary and Treasurer, was transmitted to the collector of internal revenue at Raleigh, N. C., for filing. This return bears on the first page thereof the printed stamp, "Received October 27, 1920, Internal Revenue Department, Raleigh, North Carolina." A schedule headed "Conrad Hardware Company, year ending August 31, 1920," showing total gross sales and net sales, inventory at beginning and end of the year, cost of goods sold, expenses for the year, and net profit, together with a statement of the assets and liabilities attached to this return, was separately signed and sworn to by G. W. Miller and D. F. Conrad before A. H. Michael, notary public, on October 26, 1920, and bears the stamp of the collector of internal revenue, "Received, October 30, 1920, Internal Revenue Department, Raleigh, North Carolina." This return, together with the schedules attached thereto, but not the check for $150, was returned by the collector of internal revenue at Raleigh, to the petitioner. Another return on Form 1120, entitled "Corporation Income and Profits Tax Return for the fiscal period begun September 1, 1919 and ended August 31, 1920," showing the same figures as gross income, deductions, net income, and invested capital of the petitioner, was signed and sworn to by G. W. Miller, vice president and D. F. Conrad, secretary and treasurer on December 30, 1920, before W. H. Mendenhall, notary public of Davidson County, N. C. The same schedule and balance sheets which had been attached to the first return transmitted to the

collector for filing, were attached to the subsequent return executed December 30, 1920. The last-mentioned return showed the computation of the income tax, stating a total tax of $407.25. This return and the schedules mentioned were forthwith transmitted to the collector of internal revenue for filing and bears the collector's stamp, "Received, January 3, 1921, Internal Revenue Department, Raleigh, North Carolina." This is the same stamp which appears upon the first return above mentioned. The second return transmitted by the petitioner also bears this stamp, "Received payment, January 8, 1921, J. W. Bailey, Collector, Fourth District, North Carolina." With this second return, petitioner remitted to the collector the amount of $257.27, the remainder of the total tax shown to be due. On the face of the second return is written, "O.K. Filed on time, J. W. Bailey, collector, 1–3–21." The petitioner's check for $150, transmitted to the collector with the first return, was endorsed and deposited by the collector on January 8, 1921, and was paid by the bank on which issued on January 11, 1921.

On December 5, 1925, the Commissioner mailed to petitioner a notice of his determination of a deficiency of $1,317.46 for the fiscal year ending August 31, 1920. Neither of the returns filed by the petitioner were false or fraudulent with intent to evade the tax. The deficiency of which the Commissioner notified the petitioner has not been assessed or paid. No suit or proceeding for the collection of any additional tax for the fiscal year ending August 31, 1920, has been instituted against the petitioner. The petitioner and the Commissioner have not entered into a consent in writing for the assessment or collection of any additional tax for the fiscal year ending August 31, 1920, beyond the statutory period of limitation.

OPINION.

LITTLETON : The Board is of the opinion from the evidence of this proceeding that the assessment and collection of the deficiency of $1,317.46 claimed by the Commissioner for the fiscal year ending August 31, 1920, is barred by the statute of limitation of five years. Section 250, Revenue Act of 1918. Petitioner, on October 26, 1920, prepared an income and profits-tax return, showing specifically the items of its gross income, deductions, net income and invested capital, and this return was duly signed and sworn to by the proper officers of the petitioner and was transmitted to the collector of internal revenue at Raleigh, N. C., for filing, together with petitioner's check for $150, more than one-fourth of the tax due upon the net income of of $6,072.66, shown. This return, together with proper schedules, was received by the collector October 27, 1920. The Commissioner

insists that because the return executed October 26, 1920, and transmitted to the collector for filing and received and stamped by the collector, was not retained by him, it was not "filed" and did not operate to start the running of the statute of limitation within which assessment and collection of any tax for the fiscal year ending August 31, 1920, might be made. He says that this return was not received by him and that he can not be charged with knowledge that it was received by the collector; that he could not examine the return as required by section 250 of the Revenue Act of 1918 because it was never in his custody. The statute, section 239 of the Revenue Act of 1918, provides "that every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title * * *." This the petitioner did when it transmitted to the collector the income and profits-tax return executed October 26, 1920, which return was received by the collector on October 27, 1920. Subsections (a) and (b) of section 227 of the Revenue Act of 1918 provide "that returns shall be made on or before the fifteenth day of the third month following the close of the fiscal year * * *. Returns shall be made to the collector for the district in which is located the legal residence or principal place of business of the person making the return, or, if he has no legal residence or principal place of business in the United States, then to the collector at Baltimore, Maryland." The petitioner complied with this section.. It made a return to the collector of internal revenue for the Fourth District of North Carolina. Section 250 (b) of the Revenue Act of 1918 provides that "as soon as practicable after the return is filed, the Commissioner shall examine it." It was not this petitioner's fault that the Commissioner did not have an opportunity to examine the return first filed. The petitioner had made a return to the collector and if the collector failed to transmit said return to the Commissioner, that was no fault of the petitioner. The fact that the collector did not retain the return in his files after it had been mailed to and received by him, but instead returned it to the petitioner, can not defeat the rights of the petitioner under the statutes. The petitioner certainly could not be held liable to a penalty for failure to make a return under the statute and if the return which was signed and sworn on October 26, 1920, and transmitted to the collector for filing and received by him in due course had been willfully false and fraudulent with intent to evade the tax and that fact were proved, the petitioner would be liable for the penalty provided in the statute. The petitioner was under no obligation to undertake to induce the collector to retain in his files the return which it had made to him.

The collector should not have sent the return back to the petitioner. All that remained to be done upon the return which the petitioner filed was to compute the tax at the rates provided by the Revenue Act of 1918, upon the net income shown in the return. While there is no direct evidence on this point, it would appear probable that the reason the collector sent the first return back to the petitioner was because it had been made on a form which contained in " Schedule V—Computation of taxes " rates to be used in determining the amount of tax for a fiscal year beginning in 1918 and ending in 1919, and that evidently accounts for the fact that petitioner did not make a computation of the tax upon this return. The running of the statute of limitation, however, does not depend upon whether the taxpayer computed the tax upon the income shown on the return made to the collector. The fact that the return is inaccurate or that it is filed on a calendar year instead of a fiscal year basis does not postpone the date on which the statute of limitation begins to run. See *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517; *United States* v. *Mabel Elevator Co.*, 17 Fed. (2d) 109. Presumably the collector when he returned the income and profits-tax return to the petitioner, sent it a return, Form 1120, which he desired the petitioner to execute. Just why the first return was sent back by the collector and what occurred in respect of the making of the new return is not disclosed by the evidence, since D. H. Conrad who handled this matter for the petitioner is now deceased. At any rate, the petitioner executed another income and profits-tax return, Form 1120, showing the same gross income, deductions and credits, net income and invested capital as had been shown in the first return made to the collector and attached to this return the same schedules and balance sheets which had been attached to the first return. Petitioner also computed the tax upon this net income in this return and transmitted to the collector $257.27, the balance of its tax for the taxable year. In the opinion of the Board, the first return executed on October 26, 1920, and transmitted to and received by the collector of internal revenue at Raleigh, N. C., on October 27, 1920, was a return under the statute and operated to start the running of the statute of limitation for five years. Since the date on which the Commissioner mailed the petitioner the notice of his determination was more than five years after the filing of this return, the assessment and collection of any additional tax for the fiscal year ending August 31, 1920, is barred.

Reviewed by the Board.

> *Judgment of no deficiency will be entered accordingly.*