A. J. DeMay & Co., Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 15505.   Promulgated February 1, 1928.

*Arthur Mayer, Esq.,* and *E. H. Batson, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* for the respondent.

LITTLETON: This proceeding came on for hearing upon motion of the petitioner for judgment of no deficiency for the reason, as claimed by it, that assessment and collection of any additional tax for the years 1917 and 1918 is barred by the statute of limitations. It appears that for the year 1917 the tax shown to be due and assessed upon the original return was $3,827.84; that in February, 1924, the Commissioner made a jeopardy assessment of an additional tax of $8,876.40, and that on March 20, 1926, the Commissioner finally acted upon petitioner's claim for abatement and determined that the correct tax liability was $8,672.53 resulting in an overassessment of $4,031.71; that for the year 1918 the return of the petitioner showed no tax; that in February, 1924, the Commissioner made a jeopardy assessment of $15,435.45; that on March 30, 1926, he made a final determination upon the petitioner's claim for abatement and determined the correct tax liability to be $13,082.23, resulting in an overassessment of $2,353.22. Within 60 days after the Commissioner's determination of March 20, 1926, petitioner filed its petition with the Board. The petitioner's corporation income-tax return, Form 1031, and corporation excess-profits-tax return, Form 1103, were filed with the collector of internal revenue for the second district of New York on April 1, 1918. On January 25, 1923, the petitioner and the Commissioner entered into a consent with reference to the determination, assessment, and collection of the tax for the year 1917, as follows:

In pursuance of the provisions of Subdivision (d) of Section 250 of the Revenue Act of 1921 *A. J. DeMay & Co. of New York, N. Y.* and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said *A. J. DeMay & Co.* for the year 1917 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide Revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909, irrespective of any period of limitations.

A. J. DeMay & Co., Inc., in Liquidation,
*Taxpayer.*
A. J. DeMay, *Pres.*
D. H. Blair, *Commissioner.*

This consent expired on April 1, 1924. *O'Neill Machine Co.*, 9 B. T. A. 567. On February 6, 1924, the petitioner and the Commissioner entered into the following consent:

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, *A. J. DeMay & Co., Inc. of New York, N. Y.* and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said *A. J. DeMay & Co., Inc.*, for the year *1917* under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned.

A. J. DeMay & Co., Inc., in Liquidation,
*Taxpayer.*
A. J. DeMay.
D. H. Blair, *Commissioner.*

On June 9, 1919, petitioner filed a personal service corporation income-tax return for the year 1918 with the collector of internal revenue of the second district of New York. On February 6, 1924, the petitioner and the Commissioner entered into the following consent:

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, *A. J. DeMay & Co., Inc. of New York, N. Y.* and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said *A. J. DeMay & Co., Inc.* for the years 1918 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned.

A. J. DeMay & Co., Inc., in Liquidation,
*Taxpayer.*
A. J. DeMay.
D. H. Blair, *Commissioner.*

Some mention was made at the hearing by counsel for the petitioner that there might be some question as to the validity of the consents entered into between the petitioner and the Commissioner but there is no evidence in the record from which the Board can hold that these consents are invalid. From a consideration of the record, the

Board is of the opinion that the collection of the tax determined by the Commissioner to be due for the taxable years is not barred by the statute of limitation. *Art Metal Works*, 9 B. T. A. 491.

The motion for judgment of no deficiency for the taxable years is denied.

> *Order will be entered restoring the case to the general calendar for hearing on the merits in due course.*