MAPLE COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17891.   Promulgated March 13, 1928.

*A. F. Schaetzle, Esq.*, and *Clayton B. Stiver, Esq.*, for the petitioner.

*O. Bennett, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner contends that the deficiency for 1918 is barred by the statute of limitations upon the grounds: (1) That the

taxpayer was tricked and misled by a letter from the Commissioner into executing a purported waiver for the calendar year 1918, and that such instrument was procured by undue influence, threat, duress and misrepresentation a year and a half after the period for making additional assessments for 1918 had expired; and (2) that upon receipt of the purported waiver the respondent failed to accept the same but requested a new waiver which the petitioner refused to execute.

If the consent which was filed by the petitioner and signed by the respondent was a valid consent, the claim of the petitioner that the assessment and collection of the tax for 1918 is barred by the statute of limitations must fail. *Joy Floral Co.*, 7 B. T. A. 800.

It is to be noted that the consent filed by the petitioner was signed by only one officer of the petitioner corporation and that it did not bear a corporate seal.

At the hearing counsel for the respondent asked counsel for the petitioner if one of the contentions in this case is—

\* \* \* That this waiver is invalid because there is no seal? You did not state that as one of the issues.

Mr. Schaetzle: No, we aren't—we haven't made any contention about the seal, except that the Commissioner refused to accept the waiver because there was no seal attached to it. That is the only point we make about the seal, about the absence of the seal.

The first point stressed in the petitioner's brief is that the consent was secured under " undue influence, threat, duress, and misrepresentation." The statement in the letter of November 7, 1925, relied upon in support of this contention, reads:

It is not possible to extend the time allowed under the present procedure unless the enclosed waivers for 1918 to 1921 are signed and returned immediately. If the waivers are not returned immediately, it will be necessary to send the case to audit for assessment of the tax, prior to November 15, 1925.

In this connection it is to be noted that additional assessments for the years 1919, 1920 and 1921, were not barred by the statute of limitations at the time the letter of November 7, 1925, was sent. The respondent can not, therefore, be charged with misrepresenting the situation so far as it might relate to those years. Petitioner contends, however, that an additional assessment for the year 1918 was barred and that the petitioner would not have signed the consent for 1918 had it known that such assessment was barred. The president of the petitioner corporation was asked:

Q. When you signed this waiver for 1918, did you believe that the Commissioner would make an additional assessment for 1918 if you didn't sign the waiver and send it in?

A. I did.

Q. Did you rely on this waiver when you signed those letters and sent them in?

A. I did.

Counsel for the petitioner contends that this letter amounts to duress so far as it relates to the consent for 1918, and in support of that contention cites the following from *Radich* v. *Hutchins*, 95 U. S. 210, 213, wherein the court stated:

To constitute the coercion or duress which may be regarded as sufficient to make a payment involuntary, * * * there must be some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means of immediate relief than by making the payment. As stated by the Court of Appeals of Maryland, the doctrine established by the authorities is, that " a payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid." *Mayor and City Council of Baltimore* v. *Lefferman*, 4 Gill. (Md.), 425.

The modern doctrine of duress is stated in 9 R. C. L. 715, 716, in part as follows:

By many if not most of the modern authorities * * * the true doctrine of duress is held to be that a contract obtained by so oppressing a person by threats regarding the safety or liberty of himself, or of his property, or of a member of his family as to deprive him of the free exercise of his will and prevent the meeting of minds necessary to a valid contract, may be avoided on the ground of duress, whether the oppression causing the incompetence to contract be produced by what was formerly deemed duress, and relievable at law as such, or wrongful compulsion remediable only by an appeal to a court of equity. According to this view, what constitutes duress is matter of law; whether duress existed in the particular transaction is usually matter of fact, though of course the means may be so oppressive as to render the result an inference of law. * * * The question in each case is, Was the person so acted upon by threats of the person claiming the benefit of the contract, for the purpose of obtaining such contract, as to be bereft of the quality of mind essential to the making of a contract and was the contract thereby obtained. (Citing numerous cases.)

Although it is possible that the petitioner would not have signed the consent for the assessment of an additional tax for the year 1918 had it known that the assessment of such a tax was barred by the statute of limitations, it is also possible that the consent would have been signed if it had had such knowledge. We can not assume that the petitioner was acting under duress in the signing of the consent. The permitting the assessment to be made was by no means the last resort of the petitioner. It had a right of appeal to this Board and from the Board to the courts, if it believed that the deficiency determined by the respondent was not correctly determined. It also had the right to pay the tax and sue in the courts

to recover the amount. The revised statutes provide a complete system by which a taxpayer may recover internal revenue taxes paid in excess of amounts legally due. We think that the respondent was under no obligation to advise the petitioner fully of its rights under the law. We are therefore of the opinion that the contention of the petitioner that the consent was obtained by undue influence, threat, duress and misrepresentation is without merit.

The petitioner makes a second contention that the consent which was filed by the petitioner was not accepted by the respondent and in support of this contention shows that the respondent requested a new waiver which the petitioner refused to execute.

The consent first filed by the petitioner for the year 1918, under date of November 10, 1925, was signed by the Commissioner. The evidence does not show whether the signature was before or after the letter of November 20, 1925. We think, however, that it is immaterial. No evidence was adduced by the petitioner that the consent which was filed was withdrawn prior to its acceptance by the respondent. In the absence of such evidence the consent must be held to be valid.

The petitioner's motion for a judgment of no deficiency for the year 1918 is denied and an order will be entered restoring the case to the general calendar for hearing on the merits.