ENTERED:
*April 25, 1934.*

JED C. ADAMS, *Member.*

PIERCE OIL CORPORATION,
Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent.
} Docket No. 49702.

PIERCE NAVIGATION COMPANY, INC.,
Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent.
} Docket No. 49703.

PIERCE PIPE LINE COMPANY,
Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent.
} Docket No. 49704.

Before STERNHAGEN, SMITH, and ADAMS.

ADAMS: The above entitled proceedings involve deficiencies in income and profits taxes determined by the respondent for the years 1918, 1919, and 1920. After prolonged negotiations in the Bureau of

Internal Revenue, the Commissioner sent a notice of deficiency to petitioners under date of June 3, 1930. On July 31, 1930, petitions were filed with the Board and a hearing on the merits was commenced May 22, 1933, and continued until concluded, July 28, 1933. Final briefs were filed January 2, 1934.

Thereafter, on March 8, 1934, the petitioners filed a motion to reopen the proceedings, on which no decision has been had, to enable them "to amend their petitions by pleading the Statute of Limitations with respect to the proposed deficiencies for each of the calendar years 1918, 1919 and 1920, and for leave to present evidence in support of such allegations." This motion was accompanied by affidavits of Adrian C. Humphreys, Eugene Untermyer, Stanley Worth, and Samuel W. Everett. No proposed amended petition was attached.

The motion was set for argument April 11, 1934, at which time the parties appeared by their counsel before this Division, specially constituted to hear and act upon the motion.

The grounds on which petitioners base their motion are clearly set out in the affidavit executed by Eugene Untermyer, one of petitioners' counsel, and attached to the motion herein, in which he says:

I am informed and verily believe that no claim for abatement was at any time filed in behalf of the taxpayers for any of said years.

I was informed at and prior to the hearing, and then believed that the taxpayers had from time to time given waivers extending the period for assessment and that such period, as extended, had not expired prior to the mailing of the 60-day letter. On this assurance, the taxpayers, at and prior to the hearing, refrained from pleading the Statute of Limitations.

I made no inquiry to ascertain whether such waivers had been duly signed by the Commissioner in view of the decision made some time before the hearing in *Commissioner of Internal Revenue* v. *Hind*, (C. C. A., 9th Cir., decided October 13, 1931), 52 Fed. (2d) 1075, holding that a waiver was a unilateral act and did not require the signature of the Commissioner to afford its validity.

Since that time, however, and at or about the time that the hearing was being held, the Circuit Court of Appeals for the 3rd Circuit, in *Commissioner of Internal Revenue* v. *United States Refractories Corporation*, 64 Fed. (2d) 69, held that a waiver in respect of income, excess profits or war taxes had no validity unless it was also signed by the Commissioner of Internal Revenue and that a waiver given in that case, where the Commissioner did not sign the same, was null and void. The case was affirmed by the Supreme Court of the United States by an equally divided court *sub. nom. Helvering* v. *United States Refractories Corporation*, on October 23, 1933, 54 Sup. Ct. Reporter, p. 95.

The affirmance by the Supreme Court did not occur until many months after the hearings were closed, and such affirmance was not invited to my attention until about one month ago.

I thereupon communicated with the petitioners' representative in Washington, Mr. Stanley Worth, to ascertain whether the waivers in question had been signed by the Commissioner and, if possible, to secure photostatic copies of the pertinent waivers. To my distinct surprise, I was advised, not only by Mr.

Worth but by the Commissioner's office, that neither access to the waivers nor photostatic copies thereof would be furnished to the taxpayers.

Upon these considerations, and others which we deem less material, petitioners urge the right and propriety of reopening this record to enable them to plead the statute of limitations and to show facts material to that issue.

It is not shown, however, that any new facts have been discovered which would justify the reopening of the case. It only appears that petitioners suspect, because of the refusal of the Commissioner's office to permit them to examine the waivers on file, that such waivers have not been properly executed by the Commissioner, and that an examination of them would justify a plea of limitation under the authority of *Helvering* v. *United States Refractories Corp.*, 290 U.S. 591. The motion, therefore, is not categorically for permission to prove significant facts of which the petitioners now have knowledge and evidence, but rather it is in the nature of a bill of discovery to enable petitioners after the hearing is closed and the proceedings submitted upon briefs to ascertain from their adversary whether there is in existence evidence of facts upon which they can predicate a plea of limitations.

From the record in the proceedings and from the moving papers, which for the purposes of the present motion we may assume to correctly state the facts, it appears that whatever basis there may be for a plea of the statute of limitations was in existence and available to the petitioners either upon request or subpoena from the time when their petitions were originally filed, July 31, 1930. And we do not overlook the fact that the original petitions were filed more than a year before *Commissioner* v. *Hind*, 52 Fed. (2d) 1075, was decided by the Circuit Court of Appeals, Ninth Circuit. In fact, the opinion of the Circuit Court reversed the Board's opinion, which was promulgated November 9, 1929, 18 B.T.A. 96. So that at the time the original petitions were filed the Board's position on this question was substantially the same as that later laid down in the *United States Refractories Corp.* case. On June 25, 1931, the Board decided *United States Refractories Corp.*, 23 B.T.A. 872, and reaffirmed its position in the *Hind* case, and in *Corn Products Refining Co.*, 22 B.T.A. 605. On January 14, 1933, the petitioners amended their petitions. On March 7, 1933, the *Refractories Corp.* case was affirmed by the Third Circuit, *Commissioner* v. *United States Refractories Corp.*, 64 Fed. (2d) 69. On March 21, 1933, petitioners again filed an amendment to their petitions. On May 8, 1933, certiorari to the Supreme Court was granted in the *Refractories Corp.* case, and on June 21, 1933, a third amendment to their petitions was filed by petitioners. Neither the original petitions nor any of the amendments

suggested the bar of the statute of limitations, although the very tribunal to which petitioners were appealing was consistently holding that the consent to extend the statute of limitations by waiver was not a unilateral act, and its latest decision on that question had been affirmed by the Circuit Court of Appeals and certiorari granted to the Supreme Court of the United States.

This condition continued throughout the long trial of the proceedings, but petitioners made no attempt to have this question determined, although the evidence contains the notice of deficiency of June 3, 1930, with statement attached in which it is stated that returns for the years 1918, 1919, and 1920 were filed by the petitioner, and "consents which will expire December 31, 1930, except as extended by the provisions of section 277 (b) of the Revenue Act of 1926, are on file for the years 1918, 1919 and 1920." Moreover, the return for 1918 is in evidence and shows on its face that it was timely filed.

But for the giving of proper waivers, the respondent's claims for taxes for the year 1918 expired by limitation in the year 1924, that for 1919 in 1925, and that for 1920 in 1926. Clearly, these facts are sufficient to cause anyone faced with a substantial demand to look to his rights, and we think they are enough to justify the assumption that one whose rights were affected thereby and who stood silent consciously elected either to ignore any questions which might be implicit in such facts, or to waive any rights, whether clear or doubtful, which he might have. If, therefore, diligence and conscious election have any place in the consideration of the present motion, they operate against the petitioners.

Petitioners urge that prior decisions require the granting of the motion and we are referred to *Alameda Park Co.* v. *Lucas*, 37 Fed. (2d) 805; *Geuder, Paeschke & Frey Co.* v. *Commissioner*, 41 Fed. (2d) 308; and *Enameled Metals Co.* v. *Commissioner*, 42 Fed. (2d) 213; affd., 282 U.S. 799. These decisions hold that where the evidence before the Board discloses prima facie that the statutory period of limitations has run and, before the Board's judgment is entered, the petitioners move to amend their petitions so as to plead the statute of limitations in conformity with the facts, the motion should be granted. In none of the cases cited does it appear that the motion involved more than amendment to the pleadings to conform to the facts already in the record, and it is nowhere indicated that the Board should be required to reopen the trial for further proof after it has been finally submitted and briefs filed. These cases stop far short of holding that under such circumstances the case should be reopened for such further proceedings as may be necessary to enable the petitioners to discover whether facts are in existence upon

which they may interpose the bar of the statute of limitations. We do not think the facts in the record disclose prima facie that the tax is barred by the statute of limitations. We cannot, therefore, regard the cases cited as controlling here.

It was urged by petitioners' counsel in the presentation of this motion that proceedings before the Board are informal in their nature and it is the duty of the Board to disregard the ordinary rules of practice and procedure prescribed by it and by the Federal courts and look only to the substantial justice in the particular case.

The Board of Tax Appeals was created in 1924. By the Revenue Act of 1926 it was continued as an independent agency in the Executive Branch of the Government and its powers and jurisdiction were enlarged. As defined in that act and continued in subsequent acts, the character of the Board functions is preeminently judicial. Cf. *Blair* v. *Osterlein Machine Co.*, 275 U.S. 220–227; *Goldsmith* v. *Board*, 270 U.S. 220. It is charged by statute to hear and decide any proceeding instituted before it and any motion thereon. Section 907 (a) of the Revenue Act of 1926 provides that " the proceedings of the Board and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in courts of equity of the District of Columbia."

Pursuant to the power and duty thus conferred on it by the statute, the Board has adopted rules of practice and procedure for the conduct of proceedings coming before it. In formulating its rules of practice and procedure the Board has permitted as much informality and elasticity as is deemed consistent with the large volume of proceedings coming before it and the necessity for an orderly and well regulated procedure. See *Garden City Feeder Co.*, 27 B.T.A. 1132.

Rule 17 is prescribed for the regulation of amended and supplemental pleadings. It is as follows:

The petitioner may, as of course, amend his petition at any time before answer is filed. After answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board.

Upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof. All motions to amend, made prior to the hearing, must be accompanied by the proposed amendments or amended pleading. When motions to amend are granted at the hearing, the amendment or amended pleading shall be filed at the hearing, or with the clerk within such time as may be fixed.

While Rule 17 does not define the " conclusion of the hearing ", it cannot be said to extend beyond the time when the trial has been

concluded and the briefs filed. This we believe is a reasonable rule and fairness and orderly procedure require that it be adhered to in a case such as this. To disregard the rule under such circumstances would be an invitation to litigants to try their cases piecemeal and unreasonably extend the proceedings. Moreover, the petitioners here do not bring themselves within the rule, for the motion before us does not propose to " amend the pleadings to conform to the proof ", but seeks to reopen the case to amend the pleadings, and to offer proof in support of such amendment. At the same time it is apparent from the moving papers that the petitioners are by no means certain that the facts which they seek to discover will substantiate their plea in bar.

While the Board has not adopted a rule governing rehearings, its policy in respect thereto is that a rehearing is extraordinary, and will only be granted on good cause shown. Cf. *Garden City Feeder Co.*, *supra*.

It has long been the policy of the Board to grant a severance and a preliminary hearing upon the issue of limitations and the plea of the statute of limitations will support a motion before trial for a severance to avoid the burden of trial on the merits. *Conrad Hardware Co.*, 8 B.T.A. 512; *Henry M. Leland*, 8 B.T.A. 974; *Greylock Mills*, 9 B.T.A. 1281; *A. J. DeMay & Co.*, 10 B.T.A. 455; *Maple Coal Co.*, 10 B.T.A. 1336; *Chadbourne & Moore*, 16 B.T.A. 961; *Greylock Mills* (s.c.), 18 B.T.A. 75; *Greylock Mills* v. *White* (s.c.), 63 Fed. (2d) 866.

Here the petitioners chose to proceed to a long, expensive, and burdensome trial upon the merits, and after the trial was closed and the briefs filed they moved that the case be reopened to the extent of enabling them to amend their petitions by pleading the statute of limitations with respect to the proposed deficiencies, and for leave to present evidence in support of such allegations.

We have carefully considered the motion and the affidavits attached thereto in connection with the pertinent facts and circumstances of the case, and, for the reasons set out above, the petitioners' motion is denied.