**WEAVER v. BLAIR, Commissioner of Internal Revenue.**

Circuit Court of Appeals, Third Circuit.
April 27, 1927.

No. 3580.

Internal revenue ☞25—Petition for redetermining deficiency in income tax payment held properly filed within statutory period, notwithstanding nonpayment of filing fee (Revenue Act 1926, §§ 274, 904).

Petition for redetermination of deficiency in payment of income tax *held* properly filed, if in hands of Board of Tax Appeals within 60 days after Commissioner notified taxpayer of deficiency, in view of Revenue Act 1926, § 274 (44 Stat. 9), notwithstanding that filing fee fixed by board under authority of section 904 was not paid till after expiration of 60-day period.

Appeal from Board of Tax Appeals.

John H. Weaver presented a petition for redetermination of a deficiency in the payment of income taxes to the United States Board of Tax Appeals, after David H. Blair, Commissioner of Internal Revenue, had notified him of the deficiency. The Board of Tax Appeals refused to mark the petition as filed within the statutory period, and petitioner appeals. Record returned to the Commission, with instructions.

Charles Evans Hughes, of New York City, and John E. Cupp, of Philadelphia, Pa., for appellant.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Le Roy L. Hight and A. W. Gregg, both of Washington, D. C., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves a tax liability of John H. Weaver to the United States. He made tax returns of income for the years 1918, 1919, and 1920, and paid taxes due thereunder. Several years later an examination was made of such returns, with the result that on April 5, 1926, the Commissioner addressed to him at his residence in Montgomery county, Pennsylvania, a deficiency letter, stating the taxpayer was liable for additional taxes for the said years in the amount of $75,851.59. Section 274 of the Revenue Act of 1926 (44 Stat. 9) provides that, when any notice of a tax deficiency is thus given, "within sixty days after such notice is mailed (not counting Sunday as the sixtieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency" In pursuance of his statutory right that "the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency," Weaver prepared such petition, and on June 3, 1926, mailed the same by registered letter to the Board of Tax Appeals in Washington. A return registry receipt, which by its form provides for an acknowledgment by the addressee or its agent, shows that the letter was received on June 4, 1926, by the United States Board of Tax Appeals; the entries thereon being a rubber stamp bearing the words "United States Board of Tax Appeals" as "addressee," and signed by "J. W. Carr" as "addressee's agent." The petition

itself also bears the date "June 4, 1926," stamped thereon.

The case centers around what happened that day, which was within the statutory 60 days allowed the taxpayer to petition for redetermination. The board refused to retain the petition, and returned it to the taxpayer, calling his attention to the fact that it was not accompanied by a filing fee of $10. He thereupon inclosed the $10 and on June 9th had the paper with the $10 in the hands of the board, with the request that they mark his petition as filed on June 4th. This the board refused to do, retained his $10, and subsequently, on motion of the Solicitor of the Treasury Department, refused to make the filing date of his papers June 4th, but made them June 9th, which, of course, defeated his statutory right of appeal. It will be observed the question centers and narrows itself into what was done on June 4th, and the question involved is whether the petition of Weaver for redetermination of his taxes, aggregating $75,000, which was concededly in proper form and presented within the statutory 60 days, is properly denied, because it was not accompanied by a $10 filing fee.

The board justifies its action by a rule which provides: "A fee of $10 is hereby imposed for the filing, after the enactment of the Revenue Act of 1926, of any petition. No such petition may be filed until such fee is paid to the board, nor will the filing of any petition be antedated to a time prior to the payment of such fee." This rule was adopted by the board on April 1, 1926. It was not published until May 20, 1926, some 12 days before this petition was filed, and neither the taxpayer nor his counsel had any knowledge of such rule until his rejected petition was returned to him. The contention of the taxpayer is that the statute which created the board's jurisdiction gave him 60 days within which he might file his petition, and that, having filed it within such time, statutory jurisdiction was conferred on the Board of Tax Appeals, and was invoked by him so that jurisdiction then and there accrued. On the part of the government it is contended that this rule was a proper exercise of the power conferred by section 904 of the act, which reads as follows:

"The board and its divisions shall have such jurisdiction as is conferred on them by title II and title III of the Revenue Act of 1926 or by subsequent laws. The board is

authorized to impose a fee in an amount not in excess of $10 to be fixed by the board for the filing of any petition for the redetermination of a deficiency after the enactment of the Revenue Act of 1926 and for the hearing of any proceeding pending at the time of such enactment."

It will thus be seen that the jurisdiction asserted by the taxpayer is one expressly created by the statute, and the contention of the government is that such statutory jurisdiction is subordinated to its rule, which denies jurisdiction unless the fee is paid when the petition is presented. If the government's contention is right, the taxpayer has lost his opportunity to have a redetermination by the board of his petition to revise. That the taxpayer has complied with the only requirement Congress expressly provided in the act, namely, that within "60 days after such notice is mailed (not counting Sunday as the sixtieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency," is clear. Is that jurisdiction shorn by the other jurisdictional requirement, which the rule has imposed on the taxpayer? Certain it is no such requirement was expressly enacted by Congress. The act in question did not impose any fine by amount, or any fine in fact. It authorized the board to impose a fee in an amount not in excess of $10, but it did not require, indeed, that any fee should be imposed.

Was it the intent of Congress, by this permissive language, to charge a fee, if the board saw necessary to do it, to limit or detract from the right expressly given the taxpayer by section 274 to file a petition within 60 days? We cannot accede to this contention. The action of Congress in allowing an appeal within 60 days was basic and jurisdictional. The act of the board in making the payment of a fee a condition precedent to the statutory appeal allowed by the act was not jurisdictional, but incidental and procedural, and in our judgment the attempt to make the statutory jurisdiction created by Congress dependent and subordinate to the procedural rule making prepayment of the fee jurisdictional is unwarranted.

In accordance with these views, the record will be returned to the Commission, with instructions to reinstate the petition, and mark it filed June 4, 1926, and proceed to its determination.