## FREEMAN–HAMPTON OIL CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6626.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1933.

H. Kennedy McCook, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Bruce A. Low, and Arthur Clark, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for the Commissioner of Internal Revenue.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

In this case petitioner is the owner of gas and oil leases and the question presented is whether certain expenses incurred in connection therewith are to be returned to it through deductions for depletion or deprecia-tion under the provisions of section 234 (a) (9) of the Revenue Act of 1921 (42 Stat. 254), and similar provisions of later statutes (Revenue Acts 1924 and 1926, § 234 (a) (8), 26 USCA § 986(a) (8). The case was submitted to the Board on stipulation, no other evidence being offered. We refer to the findings and opinion of the Board for the facts in detail. 24 B. T. A. 319. Touching the question presented the material part of the stipulation is as follows:

"Petitioner is a Texas corporation engaged in the production of oil and gas. During the respective taxable periods herein involved, petitioner was the owner of certain oil and gas leases and, during said periods, expended certain sums of money in connection with discovery, exploration, drilling and development of said leases. All of said sums of money were capitalized on petitioner's books. Certain proportions thereof represented expenditures for physical properties and the remainder represented incidental expenditures made for wages, fuel, hauling, etc., in connection with the exploration, drilling and development of said leases. Said last-mentioned expenditures were not represented by physical properties."

The stipulation provided for the amount of deficiency to be assessed in either event over the taxable period from June 30, 1924, to December 31, 1927, but showed no other figures upon which judgment could be predicated.

The Board found the stipulation inadequate in that it furnished no primary facts. Error is assigned to this ruling.

Petitioner relies on the case of A. T. Jergins Trust v. Commissioner, 22 B. T. A. 551. There the Board had a similar question to consider and held that amounts expended for wages, fuel, repairs, and hauling, etc., in connection with development and drilling of the wells were expenditures for the improvement of the property, for which the statute permits the taxpayer to deduct depreciation. In that case the Board was able to determine what specific amounts had entered into the physical property. The difficulty in applying that decision, and similar decisions of the Board, also relied upon by petitioner, to this case is at once apparent. Here the stipulation is that expenditures were made for wages, fuel, hauling, etc., not only in connection with drilling and development of the lease, but also for exploration, and it is expressly stipulated that these expenditures were not represented by physical property. Conceding that certain of the ex-

penditures made have actually entered into the physical property of petitioner, there are no figures given, no attempt was made to show what the expenditures really were, and the Board could not guess at them. We experience the same difficulty as did the Board and must hold that petitioner has failed to sustain the burden of showing that the additional taxes were improperly determined.

■■ Error is also assigned to the refusal of the Board to grant a rehearing. The rehearing was sought for reasons set forth in a memorandum annexed to the motion. The memorandum is lengthy but amounts to no more than a discussion of the A. T. Jergins Trust Case with the attempt to bring the case at bar within that ruling. Neither the motion nor the memorandum sets up any specific facts to be later considered by the Board or attempts to give any other substantial reasons. We may assume that it was impracticable for petitioner to allege and prove the concrete facts necessary to sustain its contentions and that it has not merely inadvertently stipulated itself out of court. The granting or refusing of a rehearing was within the sound discretion of the Board. We find no abuse of discretion in this case. The petition is denied and the judgment of the Board is affirmed.