## LANTZ BROS. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9600.

Circuit Court of Appeals, Sixth Circuit.

Dec. 16, 1943.

David J. Shorb, of Washington, D. C. (Wallick & Shorb, of Washington, D. C., on the brief), for petitioner.

Fred E. Youngman, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and F. E. Youngman, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, MARTIN, and Mc-ALLISTER, Circuit Judges.

PER CURIAM.

On petition for redetermination of a proposed deficiency in an unjust enrichment tax, and answer filed by the Government, the above case was placed on the circuit calendar of the Tax Court of the United States, to be called March 8, 1943. On that date, the parties answered that they were ready for hearing, and the case was set down on the trial calendar as the forty-seventh case out of a total of sixty-three to be heard. Whether the case was reached in its order, is not clear, but, in any event, it was called for hearing the next day.

At that time, counsel for petitioner advised the court that, in order to save the time of an extended hearing, he had prepared a stipulation as to the facts, which had been submitted to Government counsel, but because of his presentation of Government cases, such counsel had not had an opportunity to examine the stipulation. Counsel for the Government then advised the court that he would try to examine the stipulation that evening, but that because his time was continuously occupied in the various hearings, he probably would not be sufficiently prepared to stipulate until the elapse of another day. Counsel for petitioner then informed the court that his client resided at a distance of 80 miles from the place of hearing, that the facts were clear, that the stipulation required only a checking of records in possession of Government's counsel, and that the time which would otherwise be consumed by the taking of testimony could be saved if the matter were submitted on the proposed stipulation. This was not denied by Government Counsel, who did not object to passing the case until later in the hearings.

The court, however, declined to allow any postponement and, because the stipulation had not been then approved, foreclosed petitioner from presenting its case on the merits, and stated that the proceedings would be dismissed for failure to introduce evidence. At the same time, the court advised counsel to work out certain questions of credits and submit computations to the court before the final adjournment of hearings. Petitioner's counsel then asked the court to allow the stipulation to be filed at the time such computations would be submitted; but the court refused to keep the case open for this purpose, and adjourned it for the presentation of the computations for credits. Three days later, the Government submitted such computations, and an order was thereafter entered, dismissing the petition.

It is unnecessary, here, to discuss the merits of the petition except to remark that the contentions therein advanced appear to have been made in good faith and to raise meritorious questions. While orderly procedure requires that a party present his case when it is called, and although the granting of continuances or postponements is ordinarily a matter resting in the discretion of the trial court, not subject to review, the circumstances above recited present the question of discretion for review, and require a vacation of the order of the Tax Court and a remand of the case for a hearing on the merits. It is so ordered.