**COMMISSIONER OF INTERNAL REVE-
NUE v. ERIE FORGE CO.
No. 9177.**

Circuit Court of Appeals, Third Circuit.
Argued Dec. 17, 1946.
Decided March 9, 1948.

Rehearing Denied April 5, 1948.

Harry Marselli, of Washington, D. C. (Douglas W. McGregor, Asst. Atty. Gen. and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for appellant.

W. Pitt Gifford, of Erie, Pa. (Gifford, Graham, MacDonald & Illig, of Erie, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and MURPHY, District Judge.

MURPHY, District Judge.

The Commissioner asks reversal of the decision of the Tax Court[1] and remand with directions to allow an amendment to his answer to claim an increased deficiency as to penalties.

The Commissioner determined a deficiency in excess profits liability for the fiscal years 1935 to 1940 inclusive on Navy contracts and sub-contracts under Section 3 of the Vinson Act,[2] and additions for delinquency in filing returns, and sent notice thereof to the taxpayer by registered mail.

The taxpayer petitioned the Board of Tax Appeals, now the Tax Court, for a redetermination of the deficiency. December 29, 1945, the Tax Court made findings of fact and entered an opinion and, two days later, a decision sustaining in toto the determination of the Commissioner.

Taking of testimony was concluded March 30, 1945; July 19, 1945, the taxpayer's brief filed and a copy served on the Commissioner. September 19, 1945, the day before filing his brief, the Commissioner's counsel presented a motion stating that prior to the issuance of the notice of deficiency he had assessed, and not included in the deficiency notice, penalties for the six income tax years here involved, that the amended petition asserted and the answer denied those penalties were in controversy. However, "on further consideration", the Commissioner sought to admit such controversy and asked leave under Section 272(e)[3] to amend his answer to include the additional penalties, stating the proposed amendment would conform to the proof already presented, and that there was no need of submission of further proof. The motion was denied.

[1] 5 T.C. 1389.

[2] Section 3, Act March 27, 1934, c. 95, 48 Stat. 503, Act June 25, 1936, c. 812, 49 Stat. 1926, Section 14, Act April 3, 1939, c. 35, 53 Stat. 555, 34 U.S.C.A. § 496.

[3] Section 272(e), "The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

Act May 10, 1934, c. 277, § 272, 501, 48 Stat. 741, 755, Act June 22, 1936, c. 690, 49 Stat. 1721, Act May 28, 1938, c. 289, § 272, 52 Stat. 535, 26 U.S.C.A. Internal Revenue Code, § 272(e).

The Tax Court confined its decision to the issues raised by the pleadings and refused to consider and decide the issue in regard to additional penalties because in its opinion the issue had not been properly raised as required by the statute and the rules of the Tax Court, and because the facts upon which to base a decision of such an issue were not properly presented.

January 25, 1946, the Commissioner, for the same reason previously given, presented motions to vacate the decision and for a rehearing. The motions were denied.

The facts disclosed by the record will not be here considered except insofar as they are pertinent to a complete understanding of the procedural questions here presented for decision.

The findings of fact show that the Erie Forge Company, a Pennsylvania Corporation, did not file its annual reports of profits on its Vinson Act contracts and subcontracts within the time prescribed by law or prescribed by the Commissioner in pursuance of law, but on the contrary filed for the first time for the six fiscal years ending April 30, 1935 to April 30, 1940 inclusive, on April 30, 1941, with the Collector of Internal Revenue at Pittsburgh, Pennsylvania.

The returns as filed reported excess profits liability of $307,321.19, which was later assessed and paid. Thereafter the Commissioner computed an additional liability for excess profits of $68,613.60 and $17,245.22 additions for delinquency in filing the returns. Notice of the deficiency, the ninety-day letter, was mailed to the taxpayer March 31, 1943.

The taxpayer's amended petition challenged the deficiency penalty in the ninety-day letter and asserted that penalties previously assessed and notice thereof sent on September 9, 1941 by the Collector of Internal Revenue to the taxpayer ($68,517.63 penalties for delinquency in filing the returns April 30, 1941) had not been paid and were also in controversy in the redetermination proceeding, and that such original penalties were erroneously asserted.[4] The answer admitted the original penalties were erroneously asserted and denied that they were in controversy.

In his opening statement to the Tax Court, taxpayer's counsel reiterated his position. The Court advised Commissioner's counsel as to the taxpayer's position as to the original penalties and inquired if counsel admitted controversy. The Commissioner's counsel's position was that whether the delinquency penalties were properly asserted was a question of fact upon which the Commissioner called for proof. Taxpayer's counsel suggested the question could be best handled in the briefs.

The taxpayer proved that upon receipt of the notice and demand of September 9, 1941, he was advised upon inquiry, by the Collector that it had been sent in error; that conferences were held with the Revenue Agent and explanation offered to explain the delay in filing the returns; receipt of a letter from the Revenue Agent July 14, 1942, and a report which included the penalties of September 9, 1941, and those of the deficiency notice. Further that with the exception of the deficiency notice of March 31, 1941, no other communication was received from the Commissioner. The Commissioner has not made the proposed amended answer a part of the record before us, advising that it was not available. He contends the matter can, however, be reviewed because the record "clearly shows" what the amendment proposed and the purposes for which the amendment was sought, citing Electric Management & Engineering Corp. v. United P. & L. Corp., 8 Cir., 1927, 19 F.2d 311, 316; National Bank v. Carpenter, 101 U.S. 567, 25 L.Ed. 815.

■■ Nowhere in the record or in the brief do we find any explanation of the original position or the basis for the change in attitude of the Commissioner except that "on further consideration", apparently after reading the brief of the taxpayer, he decided the original penalties were in controversy and that he should

---

[4] There was a controversy between the parties as to whether the original penalty was a deficiency or a part of the tax; since that item was not passed upon by the Tax Court and not argued on appeal, except by reference in a footnote, we mention it only in passing.

make claim for them. His statement that the amendment conformed to the proof and that no additional proof need be offered does not meet the burden which was upon him to prove the incorrectness of the deficiency notice and the propriety of the penalties not asserted. The proof therein was to the contrary. The evidence not objected to by the Commissioner was that the notice and demand had been sent in error. The amendment offered asserted a new issue in the nature of an affirmative claim upon which the Commissioner would have the burden of proof.[5] Further, whether the amendment did conform to the proof would be a fact question for the judgment of the Tax Court under the statute, Revenue Act of 1926, Section 1003(b), 44 Stat. 9, 110, now Internal Revenue Code, § 1141(c) (1), 26 U.S.C.A. Int.Rev.Code, § 1141(c) (1), and under the doctrine of the Dobson case, discussed infra, not for our consideration in the present state of the record. See Anthony P. Miller, Inc., v. Commissioner, 3 Cir., 1947, 164 F.2d 268.

The question for decision is, therefore, where abundant notice has been given to Commissioner's counsel that the notice of deficiency does not include penalties previously assessed and instead of moving to amend and extend his claim, he admits they were erroneously assessed and insists that the burden of proving the penalties not included were properly asserted is upon the taxpayer, did the Tax Court abuse its discretion in denying leave to amend the answer when the request is first made after the testimony has been concluded and the taxpayer's brief pointing to Commissioner's error has been served upon him, and the only reason given for the delay is that the Commissioner upon further consideration decided the original penalties were in controversy and should be included? Under

similar circumstances, did the Tax Court abuse its discretion in denying the motion to vacate the decision and the motion for a rehearing?

■ As to the scope of review of decisions of the Tax Court, under the Revenue Act of 1926, Section 1003(b), 44 Stat. 9, 110, now Internal Revenue Code, Section 1141(c) (1), 26 U.S.C.A. Int.Rev.Code, § 1141(c) (1); Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175; John Kelley Co. v. Commissioner, 1946, 326 U.S. 521, 66 S.Ct. 299, 90 L.Ed. 278, we examine the record to determine if the decision of the Tax Court has "warrant in the record" and a reasonable basis in the law. If we find there is a "rational basis for the conclusion" approved by the Tax Court and "no clear cut mistake of law", the decision of the Tax Court must stand. Freihofer Baking Co. v. Commissioner, 3 Cir., 1945, 151 F.2d 383; Cooperstown Corp. v. Commissioner, 3 Cir., 1944, 144 F.2d 693, certiorari denied 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618; Supplee-Biddle Hardware Co. v. Commissioner, 3 Cir., 1944, 144 F.2d 711, at page 714. Matters of procedure are proper subject of review. Maxfield v. Commissioner, 9 Cir., 1946, 153 F.2d 325; Fisher v. Commissioner, 7 Cir., 1945, 149 F.2d 540; Fifth Avenue-Fourteenth Street Corp. v. Commissioner, 2 Cir., 1945, 147 F.2d 453.

■ Disposition of applications for permission to amend pleadings, motions to vacate decisions or to grant a rehearing are within the sound discretion of the Tax Court, and where the denial of such an application or motion did not amount to an abuse of discretion appellate courts will not interfere.[6]

---

[5] See Rule 32 of the Tax Court, "The burden of proof shall be upon the petitioner, except as otherwise provided by statute and except that in respect of any new matter pleaded in his answer, it shall be upon the respondent." 26 U.S.C.A. Internal Revenue Code, following Section 5012; Commissioner v. Hofheimer's Estate, 2 Cir., 1945, 149 F.2d 733, at page 737; Commissioner v. Fleming, 5 Cir., 1946, 155 F.2d 204.

[6] Commissioner v. Sussman, 2 Cir., 1939, 102 F.2d 919; Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Chiquita Mining Co. v. Commissioner, 9 Cir., 1945, 148 F.2d 306; Crane-Johnson Co. v. Commissioner, 8 Cir., 1939, 105 F.2d 740, 744, affirmed in 311 U.S. 54, 61 S.Ct. 114, 85 L.Ed. 35; Second Carey Trust v. Commissioner, 1942, 75 U.S.App.D.C. 263, 126 F.2d 526, certiorari denied 317 U.S. 642, 63 S.Ct. 34, 87 L.Ed. 517;

■ Where the Tax Court's action works a clear injustice or is so clearly unfair or arbitrary relief may be had on review. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Chatham Phenix National Bank & Trust Co. v. Helvering, 1936, 66 App.D.C. 330, 87 F.2d 547. A review of situations which have been held to belong in this category would serve no useful purpose for each case depends upon the peculiar circumstances there present. The Commissioner has cited a few examples which illustrate the principle involved but none of them are apposite in considering the facts presented by the present record.

In International Banding Machine Co. v. Commissioner, 2 Cir., 1930, 37 F.2d 660, the issue as to what tax was due was narrowed by the pleadings but broadened in scope by the proof. The Tax Court denied an amendment, offered within the time allotted and not objected to by the Commissioner, to conform to proof received without objection of the Commissioner and upon which the Commissioner had cross examined and the Board had interrogated the witnesses.

In Helvering v. Edison Securities Corp., 4 Cir., 1935, 78 F.2d 85, 91, the new matter was introduced by the Board itself, a sharp issue was raised on a point upon which the parties had theretofore agreed; the evidence in the record was inadequate for proper consideration of the question in dispute; the Board itself was in difficulty in deciding what actually had taken place. Both parties petitioned for review. The Court there felt the Board was in doubt as to its power to act and held such power existed and further "that the power * * * should not be exercised * * * unless * * * presented in accordance with reasonable rules laid down by the Board * * * the Board (should not) be required to receive a claim unless it is presented seasonably, in accordance with its rules * * *." The case was remanded for further proceedings.

In Commissioner v. Ray, 7 Cir., 1937, 88 F.2d 891, the Board itself created a situation which it refused to recognize in computing the deficiency. No new or different issue was raised by the proposed amendment but an attempt to conform to the Board's findings. The Court expressly stated it was not considering a fact situation such as is here presented.

In Fifth Avenue-Fourteenth Street Corp. v. Commissioner, 2 Cir., 1944-1945, 147 F. 2d 453, the trial judge forbade cross examination on a subject covered in direct examination on a vital point.

In Lantz Bros. v. Commissioner, 6 Cir., 1943, 139 F.2d 192, although the Commissioner agreed and reasonable cause was shown the Board refused a postponement of a hearing and entered on its own motion decision for the Government.

Commissioner v. Wells, 6 Cir., 1942, 132 F.2d 405, a decision of the Supreme Court handed down during the pendency of the proceeding in the Tax Court had changed the whole aspect of the case and obviously made amendment and a rehearing necessary.

Abuse of discretion in the denial of a motion for rehearing might conceivably be found in a case where the evidence relied on by a party in support of his motion was not available to him before the Board had filed its findings of fact and opinion. Cf. Bankers' Pocahontas Coal Co. v. Burnet, supra, 287 U.S. at page 313, 53 S.Ct. at page 150, 77 L.Ed. 325.

■ The Commissioner, under the circumstances here found, is bound by the conduct of his counsel. Lenox Clothes Shops, Inc., v. Commissioner, 6 Cir., 1943, 139 F. 2d 56, 59; Chiquita Mining Co., Ltd., v. Commissioner, 9 Cir., 1945, 148 F.2d 306; Skenandoa Rayon Corp. v. Commissioner, 2 Cir., 1941, 122 F.2d 268, at page 271.

■ The Tax Court is specifically authorized to prescribe rules for the conduct

Jankowsky v. Commissioner, 10 Cir., 1932, 56 F.2d 1006; Standard Knitting Mills, Inc., v. Commissioner, 6 Cir., 1944, 141 F.2d 195, certiorari denied 322 U.S. 753, 64 S.Ct. 1266, 88 L.Ed. 1583; Weiller v. Commissioner, 2 Cir., 1933, 64 F. 2d 480; Freeman-Hampton Oil Corp. v. Commissioner, 5 Cir., 1933, 65 F.2d 456; Scott v. Commissioner, 8 Cir., 1941, 117 F.2d 36; Sisto Financial Corp. v. Commissioner, 2 Cir., 1945, 149 F.2d 268.

of proceedings before it. Section 907(a) Revenue Act 1924, as amended Section 601, Revenue Act 1928, 26 U.S.C.A., Internal Revenue Code, § 1111. Such rules have the force and effect of law. Bankers' Pocahontas Coal Co. v. Burnet, supra; Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494. The rules prescribed are merely procedural and cannot under any circumstances limit or control the statutory jurisdiction conferred upon the Tax Court. Board of Tax Appeals v. United States ex rel. Shults Bread Co., 1930, 59 App.D.C. 161, 37 F.2d 442, certiorari denied 281 U.S. 731, 50 S.Ct. 246, 74 L.Ed. 1147; Weaver v. Blair, 3 Cir., 1927, 19 F.2d 16; Baldwin v. Commissioner, 9 Cir., 1938, 94 F.2d 355, 356; Crane-Johnson Co. v. Commissioner, supra; Schwartz v. Commissioner, 9 Cir., 1944, 140 F.2d 956.

 The Tax Court is authorized to determine whether its rules are complied with and where its decision of such questions is not shown to be clearly wrong it should not be disturbed. Commissioner v. Kerbaugh, 1 Cir., 1935, 74 F.2d 749. Whether a motion is timely and whether it should be allowed rests within the sound discretion of the Court. Reis v. Commissioner, 6 Cir., 1944, 142 F.2d 900, 903; see cases cited supra, footnote 6.

The Commissioner relies upon Section 272(e)[7] and contends that he had a right to amend as a matter of law and that the court was obliged to accede to his request, citing Helvering v. Edison Securities Corp.; Commissioner v. Ray; International Banding Machine Co. v. Commissioner, all supra. He argues from those cases that the term "hearing" includes the entire proceeding before the Tax Court down to the rendering of the final decision and that therefore his request for amendment was timely.

True the statute prescribes that the Tax Court has jurisdiction to determine the correct amount of the deficiency and to determine whether a penalty should be assessed if claim therefor is asserted by the Commissioner at or before the hearing or rehearing, but the Tax Court was also given a right by law to adopt rules of procedure and it did by providing in Rule 19 that "motions must be timely", that "motions will be acted upon as justice may require" and in Rule 17 that "after answer is filed, a petition may be amended only by consent of the Commissioner or on leave of the Board". Further that "upon motion made, the Board may, in its discretion, at any time before the conclusion of the hearing, permit a party to a proceeding to amend the pleadings to conform to the proof".

While Rule 17 does not expressly and literally cover an amendment proposed by the Commissioner the spirit and intent of the rule would require permission of the Tax Court before such an amendment would be allowed,[8] and its action could not be reversed unless it was arbitrary or other than justice requires.

 We do not agree that the Commissioner is entitled to have the amendment allowed as a matter of law. Regardless of the scope of the "hearing" as used in the statute the question is, in the last analysis, whether under the circumstances the Tax Court abused its discretion in denying the amendment. The only relevance of the scope of the hearing would be by way of measuring whether discretion had been abused. Since we have concluded that the Tax Court did not abuse its discretion in denying the motion to amend it is not necessary in this case to define the limitations of the "hearing".

Helvering v. Edison Securities Corp., supra, 78 F.2d at page 90, held the term included the whole proceeding down to the final decision. The question was not before the Court as to whether the Board had abused its discretion in denying the rehear-

---

[7] See footnote 3.

[8] The Tax Court has the right under its general powers to set out under what conditions the Commissioner may assert a greater deficiency that that contained in the deficiency letter, and to prescribe rules under which a rehearng will be allowed. See 1939 Cum.Bull., Part 2, p. 369. Neither the Board of Tax Appeals or the Tax Court has made any specific provision for such cases. Garden City Feeder Co. v. Commissioner, 27 B.T.A. 1132; Pierce Oil Corp. v. Commissioner, 30 B.T.A. 469, at page 475.

ing but rather the question whether it had any power to allow a rehearing even if it wanted to. In this connection see Chatham Phenix National Bank & Trust Co. v. Helvering, supra.

International Banding Machine Co. v. Commissioner, supra, interpreted the term "conclusion of the hearing" in what is now Rule 17 and held the amendment was offered within the time allotted by the Board.

Commissioner v. Ray, supra, held the hearing was not complete until computations under Rule 50 were made and approved by the Board. See discussion supra, 167 F.2d 75.

In Chatham Phenix National Bank & Trust Co. v. Helvering, 1936, 66 App.D.C. 330, 87 F.2d 547, it was held by reason of an unauthorized appearance before the Board of one purporting to represent the taxpayer, there was no hearing according to law.

See however Commissioner v. Fifth Avenue Bank of New York, 3 Cir., 1936, 84 F. 2d 787, 790, stating inter alia, "The Board has a certain amount of discretion in allowing amendments, and under Steele-Wedeles Co. v. Commissioner, 7 Cir., 1933, 63 F.2d 541, we cannot say the Board abused its discretion * * * it was too late in the proceedings. There is a question whether it came within the procedural time limits * * * that is during the hearing." The Court suggested, without flatly saying so that "hearing" does not extend to proceedings under Rule 50. Morrisdale Coal Co. v. Commissioner, 3 Cir., 1938, 97 F.2d 272, at page 288, held that a new issue not included in the original proceedings could not be introduced for the first time at a computation proceeding; that it was not a matter of discretion of the Board but was forbidden by law. See Commissioner v. Sussman, 2 Cir., 1939, 102 F.2d 919, a case apposite to the case under review. There the court sustained the Board's refusal to permit the Commissioner to amend to include an issue not present in the deficiency notice, notwithstanding that if the matter were being considered de novo the item sought to be raised would be most pertinent.

In Pierce Pipe Line Co. v. Commissioner, 30 B.T.A. 470, the Board stated, "While Rule 17 does not define the 'conclusion of the hearing' it cannot be said to extend beyond the time when the trial has been concluded and the briefs filed. This we believe is a reasonable rule and fairness and orderly procedure require that it be adhered to * * *." And again "in formulating its rules of practice and procedure the Board has permitted as much informality and elasticity as is deemed consistent with the large volume of proceedings coming before it and the necessity for an orderly and well regulated procedure. Garden City Feeder Co. v. Commissioner, 27 B.T.A. 1132."

The Commissioner complains because the Tax Court entered its decision two days after filing its findings of fact and opinion. The decision was in conformity with the deficiency letter.

Rule 50 provides inter alia, "Where the Board has promulgated or entered its opinion determining the issues in a proceeding, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Board's determination of the issues, showing the correct amount of the deficiency or overpayment to be entered as the decision. * * * Any argument under this Rule will be confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or of any new issues. This Rule is not to be regarded as affording an opportunity for rehearing or reconsideration."

The provisions of Rule 50, which precludes consideration of any new issues at that stage of the proceedings, represent a proper exercise of the power of the Tax Court to regulate practice before it. Boggs & Buhl v. Commissioner, 3 Cir., 1929, 34 F.2d 859; Morrisdale Coal Co. v. Commissioner, supra, 97 F.2d 272, at page 288; Bankers' Pocahontas Coal Co. v. Burnet, supra; Commissioner v. Sussman, supra; Quintana Petroleum Co. v. Commissioner,

78

5 Cir., 1944, 143 F.2d 588 followed in Cullen v. Commissioner, 5 Cir., 143 F.2d 594. For cases with fact situations somewhat similar to the case under review, see Barnhart-Morrow Consolidated v. Commissioner, 9 Cir., 1945, 150 F.2d 285, at page 289; Chiquita Mining Co., Ltd., v. Commissioner, 9 Cir. 1945, 148 F.2d 306.

Certainly there was no need to wait for the submission of computations or to hear argument thereon when the exact amount of the deficiency requested by the Commissioner was allowed by the Board. His amendment obviously proposed a new issue and as the Board correctly stated the issue had not been properly raised as required by the statute and the rules of the Tax Court, and the facts upon which to base a decision of such an issue were not properly presented.

The Tax Court acted properly in not considering the Commissioner's claim to the additional penalties. Indeed in the state of the record before it, it could not rightfully have done otherwise. See Commissioner v. Sussman, supra; Davison v. Commissioner, 2 Cir., 1932, 60 F.2d 50; State Consol. Oil Co. v. Commissioner, 9 Cir., 1933, 66 F.2d 648.

As was stated in the Dobson case supra, the Tax Court is informed by experience as to what is best to promote efficiency in disposing of the volume and variety of its work.

Upon review of this record we find no clear cut mistake of law and no abuse of discretion on the part of the Tax Court. The interests of orderly justice do not require interference in this case with the conduct of the Tax Court in the interpretation of its own rules and in the handling of its own procedures.

The decision of the Tax Court will, therefore, be affirmed.