## UNITED STATES v. ERIE FORGE CO.
### Civ. No. 6670.

United States District Court
W. D. Pennsylvania.
Oct. 3, 1950.

Theron Lamar Caudle, Assistant Attorney General, Andrew D. Sharpe, F. A. Michels, Special Assistants to the Attorney General, Washington, D. C., Edward C. Boyle, United States Attorney, Pittsburgh, Pa., for plaintiff.

W. Pitt Gifford (of Gifford, Graham, MacDonald & Illig), Erie, Pa., for defendant.

FOLLMER, District Judge.

This is a suit by the United States of America against Erie Forge Company, a Pennsylvania corporation, seeking judgment in the amount of $68,517.63, representing delinquency penalties assessed against the defendant by the Commissioner of Internal Revenue for the taxable years 1935 to 1940, inclusive, because of the alleged failure of the defendant to timely file excess-profits tax returns required by the Act of Congress of March 27, 1934, c. 95, 48 Stat. 503, as amended and known as the Vinson Act, 34 U.S.C.A. § 494 et seq.

The complaint avers that the defendant, during the times herein pertinent, was engaged at Erie, Pennsylvania, in the manufacture of steel forgings, ingots and castings; that defendant kept its books of accounts and made returns for federal income tax on the basis of fiscal years ending on April 30; that during the fiscal years 1935 to 1940, inclusive, defendant completed the things required of it under existing contracts with the Secretary of the Navy of the United States; that defendant made no report of the completion of said contracts as required by the Vinson Act aforesaid, until April 30, 1941; that following the filing of said reports, the Commissioner assessed excess-profits liability of $307,321.19 and interest thereon of $20,848.69, a total of $328,169.88, which assessment the defendant paid. The complaint further alleges that on August 30, 1941, the Commissioner assessed a delinquency penalty for each of the said fiscal years, to wit., 1935 to 1940 inclusive, totalling $68,517.63; and that on September 9, 1941, notice [1] on behalf of the United States

---

1. Under date of September 18, 1950, counsel for plaintiff and counsel for defendant filed with the Court a Stipulation relative to this notice, which is as follows:

"Stipulation

"And now, to-wit, this 18th day of September, 1950, it is stipulated by and between Edward C. Boyle, United States Attorney, counsel for the plaintiff in the above entitled action, and W. Pitt Gifford, counsel for the defendant, as follows:

"(1) That certain notices dated September 9, 1941, six in number, denominated 'Notice and Demand for Income Tax,' which are attached to this Stipulation, covering proposed penalties for the years 1935 to 1941, inclusive, aggregating $68,517.63, being the amount for which suit is brought in the above entitled action, were received by the defendant in the regular course of the mails from the Office of the Collector of Internal Revenue at Pittsburgh shortly after September 9, 1941; that these notices were offered and received in evidence in the Tax Court of the United States, Docket No. 2283, as Exhibit 15, and in connection therewith defendant offered evidence in such Tax Court proceeding by the testimony of Edward Wuenschel, Secretary of the Company, that he 'called the Collector's attention to it when the notices for payment arrived, and they replied they had been sent to us in error at that time;' that with reference to these notices the Cir-

cuit Court of Appeals for the Third Circuit, in its opinion in the case of Commissioner of Internal Revenue v. Erie Forge Company, reported in 167 F.2d 71, at page 73, said:

" 'The taxpayer proved that upon receipt of the notice and demand of September 9, 1941, he was advised upon inquiry by the Collector that it had been sent in error'.

"(2) That six notices dated July 21, 1944, denominated 'Second Notice and Demand for Income Tax,' which are attached to this Stipulation, covering the same proposed penalties referred to in the preceding paragraph of this Stipulation, were received by the defendant in the ordinary course of the mails from the Collector of Internal Revenue at Pittsburgh shortly after their date; that in response to an inquiry to the Collector of Internal Revenue at Pittsburgh from the defendant, it received a reply from the Collector of Internal Revenue at Pittsburgh in the form of a letter dated Pittsburgh, December 2, 1944, and signed by or on behalf of Stanley Granger, Collector, which is attached hereto and made a part of this Stipulation.

"/s/ Edward C. Boyle

"Edward C. Boyle, Attorney for United States of America, Plaintiff.

"/s/ W. Pitt Gifford

"W. Pitt Gifford, Attorney for Erie Forge Company, Defendant."

was given to defendant of the said assessments totalling $68,517.63, and demand made for payment; that on July 21, 1944, a further demand was made for payment thereof; that notwithstanding the said demands, no part of the assessment has been paid.

Defendant moved to dismiss the action because the complaint failed to state a claim upon which relief can be granted, or in the alternative for summary judgment on the ground that there is no genuine issue as to any material fact and in support thereof filed affidavit of F. Edward Wuenschel, Secretary of the defendant company. The affidavit avers that shortly after March 31, 1943, defendant received a ninety day letter which, with a statement attached thereto, computed the tax, tax deficiency and penalty claimed from defendant on account of excess-profits liability under Section 3 of the Vinson Act, as amended; that said ninety day letter and statement made no claim for any delinquency penalty claimed in the complaint herein; that the defendant taxpayer petitioned the Board of Tax Appeals, now the Tax Court, for a redetermination of the deficiency; that in the Tax Court the taking of testimony was concluded March 30, 1945, and on July 19, 1945, the taxpayer's brief was filed; that on December 29, 1945, the Tax Court made findings of fact and entered an opinion and two days later a decision sustaining in toto the determination of the Commissioner; that on September 19, 1945, the Commissioner presented a motion stating that prior to the issuance of notice of deficiency he had assessed and not included in the deficiency the penalties which form the basis of the claim asserted in the present suit, and asking leave to amend the answer to include these penalties; that the Tax Court denied the motion, holding that the claim as to such penalties had not been properly raised as required by statute and rules of the Tax Court; that from this decision of the Tax Court the Commissioner appealed to the United States Court of Appeals for the Third Circuit, where on March 9, 1948, the decision of the Tax Court was affirmed.[2] The complaint in the instant suit was filed August 21, 1947, while the appeal aforesaid was pending before the Court of Appeals.

The plaintiff also moved for summary judgment on the grounds that there is no genuine issue of fact as appears from the record in the case and the exemplified copy of the proceedings before the Tax Court

---

The notices referred to in paragraph 1 of the Stipulation dated September 9, 1941, were on Treasury Department Internal Revenue Service Form No. 17A-Rev. Oct. 1935. The notices referred to in paragraph 2 of the Stipulation dated July 21, 1944, were on Treasury Department Internal Revenue Service Form No. 21 A—Rev. Sept. 1941. The letter from the Collector of Internal Revenue at Pittsburgh addressed to the defendant under date of December 2, 1944, is as follows:

"Treasury Department
"Internal Revenue Service
Pittsburgh 30, Pa.
"Office Of The Collector
"Twenty-Third District
"Of Pennsylvania
December 2, 1944
"In Reply Refer To
"IT:JBW
"Erie Forge Company
"Erie, Pennsylvania
"Attention: F. Edward Wuenschel
"In reply to your letter of November 7, 1944, concerning six 'Second Notice and Demand for Income Tax' dated July 21, 1944, we wish to advise you that your letter of July 31, 1944, apparently was lost or misfiled, and therefore not replied to. However, the accounts have been examined and it appears that the notices were forwarded through ordinary office procedure applicable to outstanding balances.

"Our records are marked to withhold collection, due to Tax Court Docket No. 2283, dated June 29, 1943, and collection is being withheld pending further advices or instructions from the Bureau. In the event that further action on your part becomes necessary, you will be advised by letter from this office.
"/s/ Stanley Granger
"Stanley Granger
"JBW/aa                    Collector W."

2. Commissioner of Internal Revenue v. Erie Forge Co., 3 Cir., 167 F.2d 71. The opinion as here reported was subsequently corrected by an order of the Court of Appeals dated June 17, 1948, and not reported. The quotation, infra, contains the modification.

of the United States in Erie Forge Company v. Commissioner, 5 T. C. 1389, which was attached to its motion.

From the pleadings, supporting affidavit of the Secretary of defendant company, argument and briefs of the parties, there seems to be no substantial disagreement on the facts involved. Defendant having completed the things required of it under existing contracts made by it with the Secretary of the Navy of the United States during the fiscal years of 1935 to 1940, failed to make return thereof as required by the Vinson Act until April 30, 1941, when it filed with the Collector of Internal Revenue at Pittsburgh, Pennsylvania, annual reports of profits on said contracts. Following the filing of the reports, the Commissioner assessed the excess-profits liability of $307,321.19 and interest thereon of $20,848.69, a total of $328,169.88, which assessment the defendant paid. On August 30, 1941, the Commissioner assessed a delinquency penalty for each of the fiscal years, totalling $68,517.63, and on September 9, 1941, notice, as above indicated, of said assessments was given defendant and demand was made for the payment thereof by the Collector of Internal Revenue at Pittsburgh, acting on behalf of the Commissioner of Internal Revenue, and on

July 21, 1944, a further similar demand was made for the payment thereof.

On March 31, 1943, the Commissioner, by statutory notice of deficiency, notified the defendant of his determination of a deficiency in the taxes for the years 1935 to 1940, inclusive, of $69,613.60 and a penalty of $17,245.22. On June 29, 1943, defendant filed with the Tax Court of the United States a petition for a review of the determination by the Commissioner of the tax and delinquency penalty assessments in the statutory notice of deficiency dated March 31, 1943, and thereafter on July 16, 1943, filed an amended petition. In both the original and amended petitions, defendant claimed the assessed penalties of $68,517.63 were erroneously asserted and were in controversy. The Commissioner's answer to the amended petition admitted that the taxpayer claimed that the original penalties were erroneously asserted but denied that they were in controversy before the Tax Court. On March 30, 1945, a hearing on the merits was held before a division of the Tax Court, at which testimony was taken and the parties ordered to file briefs in support of their contentions. After the defendant had filed its brief with the Tax Court, the Commissioner attempted to amend his answer to include the assessed penalties [3] but the Tax Court re-

---

3. In his motion for leave to file amended answer to amended petition, the Commissioner completely reverses himself in then holding that the deficiency penalties in suit were in controversy before the Tax Court. The motion was as follows:

"COMES NOW the Commissioner of Internal Revenue, by his attorney, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and MOVES the Court for leave to file an amended answer to the amended petition in the above-entitled proceeding, the original and four copies of which accompany this motion, and for cause therefor respectfully represents to the Court as follows:

"1. Prior to the issuance of the notice of deficiency herein the respondent assessed penalties with respect to the six income-taxable years here involved aggregating $68,517.63. The petitioner in paragraph 3 of its amended petition alleged *inter alia* that said penalties were in controversy in this proceeding. The

respondent denied said allegation in the answer to the amended petition.

"2. On further consideration the respondent admits that said additional penalties in the amount of $68,517.63 are in controversy in this proceeding and that the Court shall redetermine the petitioner's correct excess-profits liability and its correct liability for delinquency penalties for each of the years here involved.

"3. In order to claim the correct penalty imposed by Section 291 of the Revenue Act of 1934 for each of said years, the respondent in accordance with Section 272(e) of said Act [26 U.S.C.A. Int. Rev.Acts, pages 750, 744], seeks leave to file said amended answer to the amended petition which more clearly sets forth and asserts respondent's claim for the correct penalties to which the Court may determine him to be entitled, and which amended answer conforms to the proof presented at the trial in so far as it affects the question of delinquency penalties.

fused to permit the amendment. The Tax Court sustained the Commissioner's determination as to the deficiency in taxes of $69,613.60 and the penalty of $17,245.22, a total of $86,858.82, which amount was paid and is not in controversy in the instant case. The Tax Court refused to consider the assessed penalties of $68,517.63 and was sustained by the Court of Appeals, with a motion for a rehearing later denied. The Court of Appeals posed the question before it as follows: "The question for decision is, therefore, where abundant notice has been given to Commissioner's counsel that the notice of deficiency does not include penalties previously assessed and instead of moving to amend and extend his claim, he insists that the burden of proving the penalties not included were properly asserted is upon the taxpayer, did the Tax Court abuse its discretion in denying leave to amend the answer when the request is first made after the testimony has been concluded and the taxpayer's brief pointing to Commissioner's error has been served upon him, and the only reason given for the delay is that the Commissioner upon further consideration decided the original penalties were in controversy and should be included?" [167 F.2d 74.]

Plaintiff contends,—

(a) that a penalty for the delinquent filing of a return is collectible at the same time and in the same manner as that part of the tax upon which it is calculated;

(b) that an assessment of a deficiency in taxes without prior notice is a mere irregularity that may be waived when the taxpayer has prompt notice of the assessment and does nothing to enforce the right of appeal to the Tax Court;

(c) that the penalties computed upon the amount of taxes shown on the returns were subject to a peremptory assessment without notice just as the taxes themselves were subject to such an assessment;

(d) the Tax Court's decision that penalties were due on the deficiencies is an adjudication of liability for penalties and therefore the doctrine of res adjudicata operates against the taxpayer as to liability for the original penalties.

On the other hand, the defendant contends that from September 9, 1941, when the Collector of Internal Revenue at Pittsburgh, notified defendant that it was liable for delinquency penalties in the amount of $68,517.63 no further action was taken by the Commissioner or his agents until March 31, 1943, when the Commissioner issued a statutory notice of deficiency in tax for each of the years 1935 to 1940 inclusive, in the amount of $69,613.60, and that in that same statutory notice the Commissioner determined delinquency penalties in the total amount of $17,245.22 based upon the tax deficiencies claimed to be due in the statutory notice dated March 31, 1943; that the statutory notice made no reference to the delinquency penalties previously assessed on August 30, 1941, and which are the subject of the present proceeding; that accordingly the present action is an attempt to re-litigate and reopen issues which have been decided adversely to the plaintiff by the Tax Court of the United States and

---

"4. The granting of this motion will not necessitate the submission of further proof.

"WHEREFORE, it is prayed that this motion be granted and the proposed amended answer be received and filed."

The pertinent paragraph of the proposed amended answer was as follows: "16. The Commissioner in his notice of deficiency herein did not include the total deficiency in penalty in the amount of $85,762.85, but computed only the additional penalty on the deficiency in excess profits liability determined in the amount of $69,613.59. The additional penalty stated in the deficiency notice is $17,245.22. The correct amount of penalty should have

been stated in the deficiency notice as $85,762.85. By reason of the aforesaid facts the Commissioner has understated the correct penalty for which the petitioner is liable in the amount of $68,517.63. The Commissioner now makes claim for the additional amount of penalty pursuant to Section 272(e) of the Revenue Act of 1934 and subsequent Revenue Acts."

It will be noted that the difference between the amount of additional penalties asserted and paid of $17,245.22 and the amount which the Commissioner attempted to assert in his proposed amended answer of $85,762.85 is $68,517.63, or the amount involved in the present suit.

the United States Court of Appeals and that under such circumstances the doctrine of estoppel by judgment is applicable; that furthermore, plaintiff is foreclosed in the present action because of the specific provisions of the Internal Revenue Code.

Under the heading "Subchapter C—Excess Profits on Navy Contracts" the Internal Revenue Code, 26 U.S.C.A. § 650 and § 651, provides as follows:

"§ 650. Method of collection. If the amount of profit required to be paid into the Treasury under section 3 of the Act of March 27, 1934, c. 95, 48 Stat. 505, as amended by the Act of June 25, 1936, c. 812, 49 Stat. 1926 (U.S.C.Supp. III, Title 34, § 496), with respect to contracts completed within income tax taxable years beginning after December 31, 1938, is not voluntarily paid, the Secretary shall collect the same under the usual methods employed under the internal revenue laws to collect federal income taxes. 53 Stat. 112.

"§ 651. Laws applicable. All provisions of law (including penalties) applicable with respect to the taxes imposed by Title I of the Revenue Act of 1934, 48 Stat. 683, and not inconsistent with section 3 of said act of March 27, 1934, shall be applicable with respect to the assessment, collection, or payment of excess profits to the Treasury as provided by section 650, and to refunds by the Treasury of overpayments of excess profits into the Treasury. 53 Stat. 112."

Thus, all of the administrative machinery for the assessment and collection of taxes, *including penalties,* and the resolving of tax disputes under the Internal Revenue Code are applicable to the taxes imposed by the Vinson Act. The Commissioner of Internal Revenue invoked these provisions when he issued his statutory notice of deficiency on March 31, 1943.

Prior to the amendment of May 29, 1944, 26 U.S.C.A. § 271, the section read:

"As used in this chapter in respect of a tax imposed by this chapter 'deficiency' means—

"(a) The amount by which the tax imposed by this chapter exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

"(b) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax."

The procedure relative to the collection of tax deficiencies is set forth in 26 U.S.C.A. § 272 as follows: "(a) (1) Petition to Board of Tax Appeals. If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. * * *"

Here the taxpayer, in line with the procedure set forth in the statute above quoted, did file a petition with the Board of Tax Appeals after the receipt of the registered mail notice. In both its original and its amended petition, the taxpayer claimed that the assessed penalties of $68,517.63 were erroneously asserted and were in controversy. The Commissioner's answer to the

amended petition admitted that the taxpayer claimed that the original penalties were erroneously asserted but denied that they were in controversy before the Tax Court. Subsequently, the Commissioner attempted to amend his answer to include the assessed penalties, stating in his motion to amend, inter alia, as follows:

"1. Prior to the issuance of the notice of deficiency herein the respondent assessed penalties with respect to the six income-taxable years here involved aggregating $68,517.63. The petitioner in paragraph 3 of its amended petition alleged *inter alia* that said penalties were in controversy in this proceeding. The respondent denied said allegation in the answer to the amended petition.

"2. On further consideration the respondent admits that said additional penalties in the amount of $68,517.63 are in controversy in this proceeding and that the Court shall redetermine the petitioner's correct excess-profits liability and its correct liability for delinquency penalties for each of the years here involved."

This attempt to amend was denied by the Tax Court, whereupon a petition for review was filed with the Court of Appeals for the Third Circuit, setting forth that the Tax Court had abused its discretion in refusing to permit the Commissioner to file his amended answer and to have considered the assessed penalties. The Third Circuit sustained the Tax Court.

In Ely & Walker Dry Goods Co. v. U. S., 8 Cir., 34 F.2d 429, 432, where the taxpayer brought suit to recover amounts previously paid in compromise of a tax liability plus a fraud penalty[4] which had been assessed, and where the taxpayer admitted compromising the penalty which had been assessed and sought to recover a portion of the tax which had been paid, the court held: "We accordingly conclude that the deficiency tax included the penalty and constituted an entire, single liability, that this single liability, treated as such by the parties, was duly compromised, and that such compromise is a bar to this action."

The chief legal officer of the Bureau of Internal Revenue, in General Counsel Memorandum 22326, found in Cumulative Bulletin 1940-2, July and December, Page 159, said:

"Summarizing with respect to the nature of this addition to tax, it has been held that the statute is remedial, providing compensation or indemnity for loss; that the addition to tax is to be added to the tax and collected in the same manner as the tax, or the deficiency ('and as a part of the tax', R.S. § 3176); and that the tax and penalty make a single liability, which, under common law forms of action, was recoverable in the contract action for debt.

"It is therefore the opinion of this office that the addition to tax provided by Section 293(b) of the Revenue Acts of 1936 and 1938 [26 U.S.C.A. § 293(b)] is collectible from the estate of the deceased taxpayer, A, and should be asserted in the notice of deficiency. This conclusion also applies to the 50 per cent. addition to tax for fraud imposed by identical or similar provisions of prior Revenue Acts and the Internal Revenue Code.

"The other additions to tax included in Supplement M of the Revenue Act of 1928 [26 U.S.C.A.Int.Rev.Acts, page 431 et seq.], as discussed by the Supreme Court in the Mitchell case [Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917], corresponding sections of other Revenue Acts and of the Internal Revenue Code, the additions to tax provided by Section 3176, Revised Statutes, as amended, and the same section in the Code (Section 3612, I.R.C. [26 U.S.C.A. § 3612]) fall within the same classification and principle."

The undisputed facts in this case show that the delinquency penalties sought to be recovered in the present action were never the subject of a statutory notice of deficiency.

4. The penalty was based upon the taxes paid under an amended return, which was delinquent, and an additional deficiency tax subsequently assessed by the Commissioner.

The legislative history of this Act supports the proposition that any penalties assessed must be included in the deficiency letter which is required by Section 272(a) to be sent to the taxpayer by registered mail; and there seems to be no question that the prime desideratum before Congress was finality. Every taxpayer, corporate or private, big or little, has a right to be informed definitely and finally as to its or his ultimate tax liability for any given period. It should not be the subject of piecemeal approach or trial and error procedure.

In the Internal Revenue Bulletin, Cumulative Bulletin 1939-1 (Part 2) January-June, 1939, Pages 351 and 352, the Committee Reports relating to the Revenue Act of 1926 (which set up the Board of Tax Appeals), appears the following report:

"Under the existing law, after the Commissioner has determined the deficiency and mailed notice thereof of the taxpayer, the taxpayer may appeal to the Board of Tax Appeals; but if the Board finds that there is a deficiency, the taxpayer must pay the tax and proceed before the Department and the Courts for a refund. The House Bill institutes a system of appeals from the decisions of the Board to the Circuit Courts of Appeals and from there on certiorari to the Supreme Court. The House Bill also provides in Section 281(d) that when the deficiency letter has been sent to the taxpayer, whether or not he takes the case to the Board of Tax Appeals, his right to sue for a refund for the year to which the deficiency letter relates is forever barred. This provision seems to the Committee too drastic, and it is accordingly proposed in Section 284(d) of the Bill that the taxpayer's right to claim and sue for a refund shall be barred only if he takes the case to the Board, thus preserving to him the option of paying the tax and then proceeding before the Department and the Courts to recover any excess payments by a claim or suit for refund.

"But if he does elect to file a petition with the Board, his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the Board when it has become final, whether the decision is by finding of facts and opinion or by dismissal, as in the case of lack of prosecution, insufficiency of evidence to sustain the petition, or on the taxpayer's own motion. *The duty of the Commissioner to assess the deficiency thus determined is mandatory;* and no matter how meritorious a claim for abatement of the assessment or for refund, he cannot entertain it, nor can suit be maintained against the United States or the Collector. *Finality is the end sought to be obtained by these provisions of the Bill; and the Committee is convinced that to allow the reopening of the tax for the year involved, either by the taxpayer or by the Commissioner (save in the sole case of fraud), would be highly undesirable.* * * It is the purpose of the Bill that all questions arising prior to the time the decision of the Board has been rendered as to the right of the Commissioner to assess and collect the tax, including the question as to whether or not the statute of limitations has run before the mailing of the deficiency letter, shall be determined by the Board and by the Courts on appeal from the Board. * * * Under the existing law, if the Commissioner desires to collect a deficiency greater than the amount determined by the Board, he may bring suit against the taxpayer, in which suit the findings of the Board shall be prima facie evidence. *The House Bill takes away this right and confines the Commissioner to an appeal from the Board to the Circuit Court of Appeals, and from there by certiorari to the Supreme Court. The Committee concurs in this provision."* (Emphasis supplied.)

It is therefore obvious that Congress intended that delinquency penalties such as are here sought were to be assessed and collected in the same manner as a deficiency, that is, that such penalties could only be assessed after the taxpayer has been given, by registered mail, the statutory notice provided for in Section 272(a), Internal Revenue Code. Any right the taxpayer may have before the Board of Tax Appeals stems from and relates directly to that statutory notice by registered mail.

200

It is pertinent to here quote again from the Act, 26 U.S.C.A. § 272,—

"(e) Increase of deficiency after notice mailed. The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

"(f) Further deficiency letters restricted. If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273(c), relating to the making of jeopardy assessments. * * *" [5]

When the Revenue Act of 1926 was reported by the Senate Finance Committee, their report commented as follows: "Under the existing law and the House bill the 5 per cent and 50 per cent additions to the tax in case of negligence or fraud are to be assessed and collected in the same manner as if they were a deficiency, i. e., can only be assessed after the taxpayer has been sent a notice by registered mail. It sometimes occurs that after the deficiency letter has been sent out fraud or negligence is for the first time discovered by the Commissioner. In order to avoid the necessity of sending out a second notice to the taxpayer in such cases and other similar cases, it is provided in section 274(e), (now 272(e), I.R.C.), that the Board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed, *whether or not* the Commissioner has asserted such claim in the deficiency letter or in his pleadings." (Report of Senate Finance Committee, Cumulative Bulletin 1939, Page 353)

A part of the last sentence of the above quotation beginning with the words "that the Board shall have jurisdiction", etc., is the language of the bill, as reported by the Senate Finance Committee. On the floor of the Senate the emphasized words "whether or not" were stricken and the word "if" substituted. That amendment was accepted by the House and has been the law since that time.

■ If an appeal to the Tax Court is taken from a statutory notice of deficiency for any taxable year, the Commissioner may not issue another statutory notice for such year but must file appropriate pleading before the Tax Court. In this case, as above indicated, the delinquency penalties which form the basis of this suit never were the subject of a statutory notice of deficiency and the Commissioner stoutly resisted the efforts of the taxpayer to make them a part of the controversy before the Tax Court until he belatedly confessed to a change of heart, that he was in error, that the penalties were in controversy, and the Tax Court refused to hear him.

■ I accordingly conclude that the deficiency tax herein assessed for the years 1935 to 1940, inclusive, included the penalties for those years and constituted an entire single liability; that the penalties herein sought as a part of this entire single liability were not the subject of a statutory notice of deficiency; that having failed to so make them the subject of such statutory notice, and the taxpayer having sought a review by the Tax Court wherein it was limited to such claims as were the subject of a statutory notice of deficiency, and the Tax Court having passed in review upon the matter, refusing to permit the Commissioner to pose the said penalties as in controversy, and the Court of Appeals affirming the action of the Tax Court, the matter became final.

An order will be entered refusing plaintiff's motion for summary judgment and granting defendant's motion for dismissal.

5. We are not here concerned with the question of fraud since there is no such allegation in the complaint.