### SILAGYE v. COMMISSIONER OF INTERNAL REVENUE.

No. 51, Docket 21986.

United States Court of Appeals Second Circuit.

Argued Nov. 14, 1951.

Decided Dec. 3, 1951.

C. J. Batter and Charles M. Trammell, New York City, for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson and Fred E. Youngman, Sp. Assts. to Atty. Gen., Charles Oliphant, and Helen Goodner, Washington, D. C., for Commissioner of Internal Revenue.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The petitioner, Joseph Silagye, executor of the Estate of Marie Szilagye, appeals from an order of the Tax Court sustaining an assessment by the Commissioner of Internal Revenue of a deficiency in estate taxes and a penalty for late filing of the executor's return, and from an order denying a motion for a rehearing.

The question presented with respect to the deficiency is whether the sum of $113,788.71 should be included in the gross estate of the decedent. That sum represent-

ed the value of 50 shares of stock of the Silmer Holding Corporation that the Commissioner determined to have been transferred by the decedent in contemplation of death or to take effect in possession or enjoyment at or after death. The Tax Court, without making findings of fact, held that the petitioner's evidence failed to sustain the burden of proving that the Commissioner was in error.

Briefly stated, the petitioner's testimony, if accepted, showed a bitter family conflict among the three sons and the daughter of the decedent during the latter's lifetime for the purpose of gaining control over the property of their mother which consisted of 100 shares of stock of the Silmar Holding Corporation. In 1934, she surrendered her single certificate for 100 shares of stock and received in exchange four certificates for 25 shares each, one of which she endorsed to each of her four children. These four certificates were not delivered to the children when received in exchange for the certificate for 100 shares. According to the petitioner's testimony, their mother continued to manage and conduct the business affairs of the corporation until shortly before her death in November 1943. The petitioner testified that in July 1940, his mother delivered two of the certificates aggregating 50 shares to her daughter, who was to hold 25 shares in trust for her brother William and the other 25 for herself. However, on cross-examination, the petitioner admitted that at the time of his mother's death he did not believe that any such transfer had taken place and that in a litigation following his mother's death he had filed affidavits which contradicted his testimony before the Tax Court. He also testified that following the alleged transfer, the struggle among the children became more intense with the result that shortly before her death the decedent transferred the remaining stock certificates to her sons Joseph and Charles.

■ On this record the Tax Court was justified in holding that the petitioner failed to prove that the alleged transfer took place in July 1940 or at any time prior to the death of the decedent.

■ The petitioner also argued that the Tax Court abused its discretion in requiring him to proceed to trial without counsel and in denying counsel's motion for a rehearing after he had been retained. The Tax Court's memorandum accompanying its order denying the motion for a rehearing showed that on two previous occasions the court had granted postponements on petitioner's motion because he had not secured counsel. Its refusal to delay the trial further was plainly justified under the circumstances. Even if he might have been aided had he been represented by counsel, he had every opportunity to present any evidence he had. We find that no abuse of discretion was shown and that the motion for a rehearing was properly denied. The orders appealed from are accordingly affirmed.