**Byron W. and Eva G. WOODBURY, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11786.**

United States Court of Appeals Third Circuit.

Argued March 8, 1956.
Decided March 21, 1956.

Howard H. Yocum, Philadelphia, Pa., for petitioners.

S. Dee Hanson, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from a finding of the Tax Court which reviewed deficiencies assessed by the Commissioner against the taxpayer, Byron W. Woodbury, the appellant here. Woodbury v. Commissioner, 1955, 14 T.C.M. 191. The Tax Court's decision, while it did not give the Commissioner all that he claimed, failed to give satisfaction to the taxpayer and he appeals.

The chief objection raised by the taxpayer is that the Tax Court abused its discretion in not giving him a further continuance in order that his counsel, with his assistance, could make adequate preparation of his case. Cf. Commissioner of Internal Revenue v. Erie Forge Company, 3 Cir., 1948, 167 F.2d 71. Petitioner's present very competent counsel is necessarily embarrassed in urging equity on behalf of the taxpayer upon this point. The case was first listed for trial in December, 1952. The taxpayer was not at that time represented by counsel and at his request a continuance was granted. It was again listed for trial in March, 1953. This time taxpayer had retained counsel to ask for another continuance. He got it and the case was set for trial on Monday, September 14, 1953. The opinion of the Tax Court tells us that at the time the second continuance was granted the taxpayer was warned that he would be required to go to trial at the next call of the case. According to counsel for the taxpayer, and we believe him, he was consulted by the taxpayer only the afternoon of the day before. He obviously had little or no time to consult with his client or to try to get order out of the admittedly chaotic condition of the taxpayer's business records.

The trial judge insisted that the trial go on as scheduled. Obviously taxpayer's counsel was at some disadvantage wholely due to the fault of his client who had been treated with extreme leniency and had already had nearly nine months in extra time after the case was called for trial on the first occasion. The trial judge gave attention to the testimony on each one of the points of contest about the tax. It may or may not be that if the taxpayer's counsel had an opportunity more adequately to prepare the case taxpayer could have made a better showing. We agree with the Tax Court that "the taxpayer has no one but himself to blame for the difficulties which surround him in this case. * * *" There was no abuse of discretion. If an authority is desired, Silagye v. Commissioner, 2 Cir., 1951, 192 F.2d 886 will provide it.

The judgment of the Tax Court will be affirmed.